### LAKE v. HALE et al.

#### No. 13494.

Court of Civil Appeals of Texas. Dallas.

March 10, 1944.

Rehearing Denied March 31, 1944.

Mayo W. Neyland, of Greenville, for appellant.

G. C. Harris, of Greenville, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of the County Court of Hunt County, Texas, restraining appellant and others from proceeding or taking any further steps to satisfy a judgment entered in the Justice Court, Precinct No. 6, of Hunt County in favor of appellant W. B. Lake, against appellee D. W. Hale, and enjoining levy of execution upon property belonging to the defendant and the sureties on his replevy or forthcoming delivery bond during pendency of an application for writ of certiorari filed in the County Court.

On April 20, 1943, in said Justice Court, W. B. Lake secured judgment by default against D. W. Hale, in the sum of $188.-34, thereafter caused to be issued an execution on said judgment, and on May 30, 1943, levy was made by the constable of said Court on personal property belonging to defendant. To stay the sale of his property, Hale executed and delivered to the officer making the levy a delivery bond in the form and manner and conditioned as required by Rule 644, Texas Rules of Civil Procedure; formerly Art. 3801, R.S.; and thereafter, on June 7, 1943, made application to the County Court of Hunt County for writ of certiorari directed to the Justice Court and the officer making the levy, as provided in Rule 575 et seq., supra. The writ was granted, supersedeas bond posted, and writs of certiorari and supersedeas were issued and served upon the officers of said Justice Court. Thereafter, appellant caused to be issued further execution on the judgment and threatened levy on property of defendant and the sureties on the delivery bond. Appellee's suit and the judgment appealed from are predicated upon this action.

It will be seen that application for writ of certiorari was filed in the County Court having jurisdiction, within ninety days from final judgment of the Justice Court, Rule 579, the bond was duly given, Rule 580, and the writ issued instanter and served on the proper parties. Hence, it became the duty of the Justice of the Peace, Rule 583, to stay further proceedings on the judgment and forthwith comply with the writs, transmit transcript of proceedings had in the Justice Court, together with the original papers and bill of cost, to the County Court for trial de novo, Rule 591. There is no question raised on this appeal as to the sufficiency of defendant's

application or the supersedeas bond posted in reference thereto, therefore, the cause stands for trial in the County Court, and should judgment be rendered, as in cases appealed from justice courts, in favor of the plaintiff, the defendant and his sureties shall abide by the result. Their liability becomes fixed upon final judgment; the judgment of the Justice Court, as it now stands, is not final. Pending such hearing, the County Court has authority and power to protect its jurisdiction, and the officers of the Justice Court are compelled to observe the writs served upon them, hence were not warranted in proceeding further in the matter until final determination of appellee's application for writ of certiorari. Judgment of the court below is affirmed.

Affirmed.